# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COLLEEN GARDNER *ex rel.* WADE   :
BOOTH,   :
    **Plaintiff,**   :
  :
    **v.**   :     **CIVIL ACTION NO. 18-CV-3515**
  :
**THE INGLIS HOUSE CORP.,**   :
    **Defendant.**   :

## MEMORANDUM

**RUFE, J.**                                       September 4th, ~~AUGUST~~ , 2018

Colleen Gardner filed this civil action on behalf of her brother, Wade Booth, against the

Inglis House Corp. (ECF No. 1.) Documents attached to the Complaint reflect that Gardner

holds a power of attorney for her brother. Both Gardner and Booth signed the Complaint, and

Booth submitted a Motion to Proceed *In Forma Pauperis*. For the reasons set forth below, the

Court will grant Booth leave to proceed *in forma pauperis* and will dismiss his Complaint for

lack of subject matter jurisdiction. The dismissal is without prejudice to Booth refiling this case

in state court.

## I. FACTS

The Complaint raises claims against Inglis House, a facility in Philadelphia for

individuals with disabilities, where Booth used to live. On October 26, 2016, Booth entered the

lobby of his apartment building and encountered a man who was unknown to him. The security

guard's desk was unattended at the time. The man, later identified as Shon Phillips, stabbed

Booth in the head repeatedly and kicked him. Booth was taken to the hospital for his injuries.

According to the Complaint, Inglis Corp. only rents to disabled individuals and

unauthorized persons are not permitted. However, Phillips "was staying in his wheelchair bound

mother['s] apt. even though he isn't disable[d]." (Compl. at 3.)[1]  The Complaint also contends

that employees of Inglis House were aware that Phillips was staying on the premises and that he

had assaulted another individual prior to his assault on Booth.

Phillips was charged criminally in connection with the assault and recently pled guilty to

aggravated assault and related charges. *See Commonwealth v. Phillips*, Docket No. CP-51-CR-

0010506-2016 (Phila. Ct. of Common Pleas). Sentencing in the case has been set for October

24, 2018.

Booth, with the assistance of Gardner, filed this civil action against Inglis House seeking

damages for injuries he sustained in the assault. Booth indicates he is raising contract claims, but

the Complaint could also be construed to raise claims under tort law.[2]

## II.    STANDARD OF REVIEW

The Court will grant Booth leave to proceed *in forma pauperis* because it appears that he

is not capable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher

v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

[2] Nothing in the Complaint could be understood to invoke this Court's federal question
jurisdiction. *See Rose v. Husenaj*, No. 17-1621, 2017 WL 3776226, at *2 (3d Cir. Aug. 31,
2017) (concluding that plaintiff failed to invoke the District Court's federal question jurisdiction
when there was no substantial basis for his federal claims (quoting *Shapiro v. McManus*, 136 S.
Ct. 450, 455 (2015))).

2

Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Booth is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

This Court lacks subject matter jurisdiction over Booth's claims. The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Here, the Complaint indicates that the parties are not completely diverse. Booth appears to be a citizen of Pennsylvania and Inglis House Corporation's principal place of business is also in Pennsylvania. Accordingly, the Court must dismiss this case for lack of subject matter jurisdiction.[3]

---

[3] Although Booth has signed the Complaint and Motion to Proceed *In Forma Pauperis* in accordance with Federal Rule of Civil Procedure 11, the Complaint indicates that Booth suffers from diminished mental capacity, which is why his sister is assisting with this lawsuit. A non-attorney may not represent another individual *pro se*, even by virtue of a power of attorney. *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams's

3

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Booth leave to proceed *in forma pauperis* and will dismiss his Complaint. As it appears that Booth cannot cure the defects in his claims, he will not be permitted to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). However, the dismissal for lack of subject matter jurisdiction is without prejudice to Booth refiling this case in the appropriate state court. The Motion for Appointment of Counsel submitted with the Complaint will be denied. An appropriate Order follows.

**BY THE COURT:**

**CYNTHIA M. RUFE, J.**

---

power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court."). However, the Court need not further address this issue, or any issues raised by Booth's lack of capacity, in light of the dismissal of this case for lack of subject matter jurisdiction.

4